UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MALLORY MOSELEY,

        Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,
Panamanian corporation,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MALLORY MOSELEY, sues Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES ("CARNIVAL"), a Panamanian corporation, for damages and alleges:

## GENERAL ALLEGATIONS AS TO ALL CLAIMS

1. This is an action in diversity under 28 U.S.C. § 1332 with damages in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest and attorneys' fees.

2. Additionally, pursuant to the Passenger Ticket issued at the time of Plaintiff's cruise travel, Plaintiff must bring his claim in the United States District Court for the Southern District of Florida. Therefore, venue is proper in the United States District Court for the Southern District of Florida. (See Exhibit "A" Passenger Ticket).

3. At all times material, Plaintiff, MALLORY MOSELEY (hereinafter "MOSELEY"), was and is a citizen and resident of the State of Colorado.

1

4. At all material times, Defendant, CARNIVAL, is and was a Panamanian corporation with its principal place of business located at 3655 N.W. 87TH AVE. MLGL 815, MIAMI FL 33178-2428. CARNIVAL's Registered Agent in Florida is NRAI SERVICES, INC., 515 East park Avenue, Tallahassee, Florida 32301.

5. On or about March 17, 2012, Plaintiff, MOSELEY, set sail from Charleston, South Carolina on a six-day cruise to the Eastern Caribbean (Booking # 751NKS) onboard the vessel "*CARNIVAL FANTASY*," which is a vessel owned and operated by Defendant.

6. On or about March 20, 2012, Plaintiff, MOSELEY, was at a port of call at Freeport, Grand Bahamas. On that date, MOSELEY entered some bathroom facilities operated by Freeport Harbor Companies, where the ship was docked. The bathroom was small and required MOSELEY to move up against the bathroom sink, to allow her mother into the bathroom, when the door opened. As MOSELEY moved back against the sink, without warning, the sink came loose off the wall, causing her to stumble back and fall with the sink.

7. As a result of her fall, MOSELY sustained multiple lacerations, some life threatening, from the pieces of broken sink that required surgery.

8. At all times material hereto, CARNIVAL was engaged in a formal and/or informal business relationship with Freeport Harbor Company in which Freeport Harbor Company would provide services for the port of call in Freeport, Grand Bahamas. As part of this business relationship Freeport Harbor Company would act as agent in the rendering of services in connection with the maintenance of the bathroom facilities in question.

9. At all times material hereto, Freeport Harbor Company accepted the responsibility for the

maintenance of the bathroom in question as part of the ongoing business relationship between Freeport Harbor Company and CARNIVAL.

10. At all times material hereto, CARNIVAL exercised a degree of control or the right to control the manner in which Freeport Harbor Company would execute its duties as it pertains to the maintenance of the bathroom facilities in question and general operations as it pertains to the port CARNIVAL regularly used.

## COUNT I
## NEGLIGENCE AS TO CARNIVAL

11. At all times material hereto, CARNIVAL owed Plaintiff a duty to inspect and maintain the bathroom facilities used by its passengers in a condition that was safe for all invitees through proper inspections and follow-up and to correct dangerous conditions of which it either knew or should have known by the use of reasonable care.

12. CARNIVAL breached that duty, in or more of the following ways:

    a. Failing to conduct reasonable inspection of the bathroom facilities in question, the exercise of which would have revealed a loose or improperly installed sink which created an unreasonably hazardous condition;

    b. Failing to ensure that Freeport Harbor Companies, conducted reasonable inspection of the bathroom facilities in question, the exercise of which would have revealed a loose or improperly installed sink, which created an unreasonably hazardous condition; and

    c. Failing to warn of dangers, such as loose or improperly installed sinks, CARNIVAL knew or should have known existed at the bathroom facilities in question.

13. As a direct and proximate result of CARNIVAL's negligence, MOSELEY was severely

injured when she backed up against a sink that fell off the wall in the bathroom she was occupying.

WHEREFORE, Plaintiff, MALLORY MOSELEY, demands judgment against Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, for compensatory damages and costs associated with this action.

## COUNT II
## VICARIOUS LIABILITY AS TO CARNIVAL

14. At all times material hereto, Freeport Harbor Company was the agent of CARNIVAL with respect to the maintenance and inspection of the bathroom facilities in question.

15. As principal, CARNIVAL is liable for the negligence of its agent, Freeport Harbor Company as well as for its own active negligence.

16. At all times material hereto, Freeport Harbor Company owed Plaintiff a duty to inspect and maintain the bathroom facilities used by cruise passengers in a condition that was safe for all invitees through proper inspections and follow-up and to correct dangerous conditions of which it either knew or should have known by the use of reasonable care.

17. Freeport Harbor Company breached that duty, in or more of the following ways:

    a. Failing to conduct reasonable inspection of the bathroom facilities in question, the exercise of which would have revealed a loose or improperly installed sink which created an unreasonably hazardous condition;

    b. Failing to conduct reasonable inspection of the bathroom facilities in question, the exercise of which would have revealed a loose or improperly installed sink, which created an unreasonably hazardous condition; and

    c.    Failing to warn of dangers, such as loose or improperly installed sinks, of which it knew or should have known existed at the bathroom facilities in question.

18.    As a direct and proximate result of Freeport Harbor Company's negligence, MOSELEY was severely injured when she backed up against a sink that fell off the wall in the bathroom she was occupying.

19.    As principal, CARNIVAL is liable for the above described negligence of its agent, Freeport Harbor Company.

WHEREFORE, Plaintiff, MALLORY MOSELEY, demands judgment against Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, for compensatory damages and costs associated with this action.

## DAMAGES

As a direct and proximate result of Defendant's negligence, Plaintiff, MALLORY MOSELEY, sustained severe injury and Defendant, CARNIVAL, is liable to her for damages as follows:

    a.    Bodily injuries and resulting pain and suffering;

    b.    Disability;

    c.    Disfigurement;

    d.    Mental anguish;

    e.    Loss of capacity for the enjoyment of life;

    f.    Expense of hospitalization, medical and nursing care and treatment; and/or

    g.    Loss of earnings and loss of ability to earn money.

The losses are either permanent or continuing and Plaintiff, MALLORY MOSELEY, will

suffer the losses in the future.  These damages were the direct and proximate result of the negligence of Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES.

WHEREFORE, Plaintiff, MALLORY MOSELEY, demands judgment against Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, for compensatory damages and costs associated with this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: February 4, 2013

>Respectfully submitted,
>
>THE LAW OFFICES OF ROBERT L. PARKS, P.L.
>799 Brickell Plaza, Suite 900
>Miami, Florida 33131
>Telephone:   (305) 445-4430
>Fax:              (305) 445-4431
>Email:          bob@rlplegal.com
>
>By  /s/  Robert L. Parks
>Robert L. Parks
>Florida Bar No. 61436
>
>*Attorney for the Plaintiff*