UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20416-Civ-COOKE/TURNOFF

MALLORY MOSELEY,

    Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
Carnival Cruise Lines,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

THIS MATTER is before me on Defendant, Carnival Corporation's, Motion to Dismiss. ECF No. 10. I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons set forth in this Order, Defendant's Motion is granted.

**I. BACKGROUND**

On February 4, 2013, Plaintiff, Mallory Moseley, filed a two-count Complaint against Defendant. ECF No. 1. The first count alleges that Defendant's negligence caused Plaintiff to sustain serious injuries when a sink located in the bathroom of facilities at Freeport, Grand Bahamas collapsed causing her to fall with the sink. Compl. ¶¶ 11-13. The second count alleges that Defendant is vicariously liable to Plaintiff because of its agent relationship with Freeport Harbor Company ("Freeport"), the operator of said bathroom facilities. *Id*. ¶¶ 14-19.

The following facts are taken from the Complaint. Plaintiff was a passenger aboard the cruise ship *Carnival Fantasy*, which set sail on March 17, 2012. *Id*. ¶ 5. On March 20, 2012, the *Carnival Fantasy* was at port of call in Freeport, Grand Bahamas, at

1

which point the Plaintiff used bathroom facilities "operated by Freeport, where the ship was docked." *Id*. ¶ 6. Plaintiff then moved up against the sink to allow her mother to enter the bathroom. *Id*. The sink, however, detached from the wall and caused Plaintiff to fall with the sink. *Id*. Plaintiff further alleges that Defendant and Freeport are engaged in a formal and/or informal business relationship in which Freeport acts as an agent for Carnival. *Id*. ¶¶ 8-10.

On March 4, 2013, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). Mot. to Dismiss 1. On March 20, 2013, Plaintiff filed a Response, ECF No. 18, and on April 1, 2013, Defendant filed a Reply, ECF No. 19.

## II. Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662. 678 (2009) (citing *Twombly*, 550 U.S. at 556). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

"In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dept. of Health & Human Servs. Ctr. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing *Hill v. White*, 321 F. 3d 1334, 1335 (11th Cir. 2003)). "A complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

### III. ANALYSIS

#### A. Admiralty Jurisdiction Exists in This Case.

Although the parties agree that this case falls within the Court's admiralty jurisdiction, I maintain "an independent duty to ensure admiralty jurisdiction exists before applying admiralty law." *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900 (11th Cir. 2004) (citing *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23 (2004); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998)). "[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). The Supreme Court has "taken the expansive view of admiralty jurisdiction and stated that in modern maritime commerce 'the shore is now an artificial place to draw a line.'" *Celebrity Cruises*, 394 F.3d at 901 (quoting *Norfolk*, 543 U.S. at 14). Further, "[t]he Eleventh Circuit has held that a cruise ship's obligations to its passengers 'extend literally beyond the gangplank,' even to common law torts against cruise ship passengers, . . . that

3

occur on land." *Belik v. Carlson Travel Grp., Inc.*, 11-21136-CIV, 2012 U.S. Dist. WL 4511236 (S.D. Fla. Oct. 1, 2012) (quoting *Celebrity Cruises*, 394 F.3d at 902 (finding admiralty jurisdiction existed where a ship's passenger was assaulted by a crew member at a port of call)). In this case, Plaintiff was a passenger on the *Carnival Fantasy* and the alleged accident occurred while Plaintiff used a bathroom in the Freeport, Grand Bahamas, port of call. Compl. ¶ 6. Admiralty jurisdiction may extend to torts occurring at a port of call because a scheduled port of call is an integral part of the on-going cruise experience. *Celebrity Cruises*, 394 F.3d at 901 (finding that admiralty jurisdiction extended to the port because it was as an "integral part of the maritime cruise"). Thus, Plaintiff properly invoked admiralty jurisdiction in this case.

    **B.  Plaintiff Fails to Establish Negligence (Count I).**

Defendant seeks to dismiss Count I of the Complaint. Mot. to Dismiss 4-7. First, Defendant challenges Plaintiff's allegations regarding Defendant's duty to inspect because no such duty exists when it comes to on shore facilities. *Id.* at 5. Second, Defendant contends that Plaintiff's allegations regarding Defendant's duty to warn fail because Plaintiff has not pled sufficient facts to demonstrate Defendant knew or should have known about the sink's condition. *Id.* at 6-7.

Plaintiff, on the other hand, seems to argue that Defendant's duty to inspect is part of Defendant's duty to warn. Resp. in Opp'n to Mot. to Dismiss 3.

"In analyzing a maritime tort case, we rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citing *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). "To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a

4

particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Id.* (citing *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008)). The Supreme Court has held that a "shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Kermarec v. Compagnie Gen. Transatlantique*, 358 U.S. 625, 630 (1959); *see also Stewart-Patterson v. Celebrity Cruises, Inc.*, 12-20902-CIV, 2012 WL 5868397, at *4 (S.D. Fla. Nov. 19, 2012).

First, I consider the alleged duty to inspect the Freeport bathroom facilities. Mot. to Dismiss at 4-5. Beyond the point of debarkation, a cruise line only owes its passengers a duty to warn of known dangers in places where passengers are invited or reasonably expected to visit. *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248, 251 (Fla. Dist. Ct. App. 1985); *Chaparro*, 693 F.3d at 1336 (holding that "*Carlisle* is consonant with the federal maritime standard of 'ordinary reasonable care under the circumstances'").

In the present case, Plaintiff was injured on shore while using a bathroom in the Freeport, Grand Bahamas, port of call. Compl. ¶ 6. Even assuming that Defendant expected passengers to visit this facility, the only duty Defendant had is the duty to warn of dangers the Defendant knew or should have known. *Carlisle*, 475 So. 2d 248, 251. Plaintiff did not cite any case law in her response supporting the assertion that Defendant had an additional duty to inspect a bathroom outside the ship. Resp. in Opp'n to Mot. to Dismiss 3.

Second, I consider the alleged duty to warn of the dangerous condition of the bathroom. Mot. to Dismiss 6-7. "The duty to warn 'encompasses only dangers of which

the carrier knows, or reasonably should have known.'" *McLaren v. Celebrity Cruises, Inc.*, 11-23924-CIV, 2012 WL 1792632 (S.D. Fla. May 16, 2012) (quoting *Carlisle*, 475 So. 2d at 251). In order to survive Defendant's Motion to Dismiss, Plaintiff's allegations must surpass the realm of possibility and move into that of plausibility. *Twombly*, 550 U.S. at 570.

In the present case, Plaintiff has alleged that as she "moved back up against the sink, without warning, the sink came loose off the wall causing her to stumble back and fall with the sink." Compl. ¶ 6. Plaintiff, however, has not pled any facts showing that Defendant knew or should have known of the sink's condition. Defendant simply alleges that passengers use this bathroom and then states that Defendant breached its duty by "[f]ailing to warn of dangers, such as loose or improperly installed sinks, Carnival knew or should have known existed at the bathroom facilities in question." *Id.* ¶¶ 11, 12(c). Furthermore, Plaintiff' allegations that the sink fell suddenly with no warning is difficult to reconcile with Plaintiff's assertion that Defendant knew or should have known of its condition. Accordingly, even viewing the allegations in the light most favorable to Plaintiff, there are not sufficient facts to establish plausibility and Plaintiff's negligence count is not adequate to survive Defendant's Motion to Dismiss. *Twombly* 550 U.S. at 557 (noting that the plain statement of the facts should "possess enough heft to 'sho[w] that the pleader is entitled to relief.'").

### C. Plaintiff Fails to Establish Vicarious Liability (Count II).

Defendant also contends that Count II of the Complaint should be dismissed because Plaintiff has not pled sufficient facts to establish an agency relationship. Mot. to Dismiss 7. Plaintiff, on the other hand, argues that an agency relationship is a question

6

for the fact finder and thus should not be addressed at this stage.  Resp. in Opp'n to Mot. to Dismiss at 4.

"Vicarious liability may . . . be established by showing an 'agency relationship,' which involves (1) acknowledgement by the principal that the agent will act for it, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent." *Tello v. Royal Caribbean Cruises LTD*, 11–24503–CV, 2013 WL 1500573, at *6 (S.D. Fla. Mar. 30, 2013) (citing *Lobegeiger v. Celebrity Cruises, Inc.*, 869 F. Supp. 2d 1350, 1356 (S.D. Fla. 2012)).

Generally the question of whether an agency relationship exists is a factual question.  *Belik v. Carlson Travel Group, Inc.*, 864 F. Supp. 2d 1302, 1310-11 (S.D. Fla. 2011) (citing *Villazon v. Prudential Health Care Plan, Inc.*, 843 So. 2d 842, 853 (Fla. 2003)).  However, it is proper for a district court to assess the sufficiency of the factual allegations at a motion to dismiss stage.  *Fojtasek v. NCL*, 613 F. Supp. 2d 1351, 1357 (S.D. Fla. 2009) (dismissing plaintiff's agency claim because in lieu of factual allegations that, if true, would establish an agency relationship, the plaintiff had only included conclusory allegations); *see also Gayou v. Celebrity Cruises, Inc.*, 11-23359-CIV, 2012 WL 2049431, at *10 (S.D. Fla. 2012) (dismissing an actual agency claim when the plaintiff had only recited the elements of actual agency).

In the instant matter, Plaintiff has simply stated in her complaint that Freeport acted as an agent for Defendant and that it maintained the bathroom facilities as part of the ongoing relationship with Defendant.  Compl. ¶¶ 8-10.  There are no factual allegations establishing the existence of this agency relationship.

Plaintiff further claims that it would be improper to dismiss her agency claim at this stage because she has not had an opportunity to conduct discovery. Resp. in Opp'n to Mot. to Dismiss 4. Plaintiff, however, has only gone through the recitation of the elements of agency rather than stating facts as to how each element is met. "Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the plaintiff's claim]." *Twombly*, 550 U.S. at 545.

I do not find that Plaintiff sufficiently plead facts to support the claim that Freeport acted as a direct agent of Defendant in the maintenance of the bathroom facilities. Accordingly, Plaintiff's vicarious liability is dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 10, is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff shall file an Amended Complaint curing the deficiencies identified in this Order within 10 days of the date of this Order.

**DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of October 2013.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*